IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

| | | |
|---|---|---|
| NESTOR CASTANO<br>Plaintiff, | :<br>: | C.A. 07-382 |
| VS. | :<br>:<br>: | |
| WASHINGTON MUTUAL BANK, FA<br>Defendant | : | |

**PLAINTIFF'S MOTION FOR LEAVE**
**TO FILE AMENDED COMPLAINT, *INSTANTER***

Plaintiff Nestor Castano respectfully moves this Court, pursuant to Fed. R. Civ. Pro. 15(a), for leave to file an Amended Complaint, and to have it deemed filed *instanter*. A copy of his proposed Amended Complaint is attached hereto as Appendix A. In support of his motion, plaintiff states as follows:

1. Plaintiff filed this action against Defendant to rescind his mortgage loan and to recover damages for violations of the Truth In Lending Act, 15 U.S.C. § 1601 ("TILA"), and implementing Federal Reserve Board Regulation Z, C.F.R. part 226.

2. Plaintiff's proposed Amended Complaint seeks to clarify the reason why the Notice of Right to Cancel the transaction was defective under the TILA and implementing Regulation Z.

3. This motion is timely especially since the Defendant has yet to propound any discovery to the Plaintiff. Furthermore, the closing agent of the refinance transaction was just deposed. His testimony forms the basis of the clarifications contained in the Amended

Complaint.

4. The minor, proposed changes would not cause any prejudice to any defendant. See Johnson v. Oroweat Foods, 785 F.2d 503, 510 (4th Cir. 1986) (court held that the addition of new factual allegations or a change in legal theory only prejudices the defendant if the amendment is sought shortly before or during trial); Hely & Patterson Intern v. F.D. Rich Housing, 663 F.2d 419, 426 (3d Cir. 1981) ("In the context of a 15(a) amendment, prejudice means that the nonmoving party must show that it was unfairly disadvantaged or deprived of the opportunity to present facts or evidence which it would have offered had the amendments . . . been timely"); Head v. Timken Roller Bearing Co., 486 F.2d 870, 873 (6th Cir. 1973) ("amendments should be tendered no later than the time of pretrial . . .").

5. Fed.R.Civ.P. 15(a) provides that "leave [to file an amended complaint] shall be freely given when justice so requires." A district court should only deny a motion to amend a complaint if there is a substantial reason to do so. Espey v. Wainwright, 734 F.2d 748, 750 (11th Cir. 1984) ("Unless there is a substantial reason to deny leave to amend, the discretion of the district court is not broad enough to permit denial"); Dussouy v. Gulf Coast Investment Corp., 660 F.2d 748, 597 (5th Cir. 1981).

**WHEREFORE**, plaintiff respectfully request that this Court enter an Order (A) granting him leave to file the proposed Amended Complaint, a copy of which is attached as Appendix A, (B) deeming the Amended Complaint filed *instanter*, and (C) granting any further or other relief that the Court deems just.

Respectfully submitted,

/s/ Christopher M. Lefebvre

Claude Lefebvre, Christophe Lefebvre P.C.
P.O. Box 479
Pawtucket, RI 02862
(401) 728-6060
(401) 728-6534 (FAX)
chris@lefebvrelaw.com

**CERTIFICATE OF SERVICE**

I, Christopher M. Lefebvre, hereby certify that on May 9, 2008, a true and correct copy of the foregoing documents (Motion For Leave To File Amended Complaint, *Instanter* and First Amended Complaint) were filed electronically. Notice of this filing will be sent by electronic mail to all counsel of record by operation of the Court's electronic filing system. Parties may access this filing through the Court's system. I further certify that true and correct copies were additionally sent by e-mail or via U.S. Mail to those parties not registered with the court's electronic filing system..

/s/ Christopher M. Lefebvre